COLLIER, Adm'r, v. KILCREASE, Adm'r.

ADMINISTRATION—*Revocation of Letters, etc.*—On affidavit filed, by a party interested in an estate, that the administrator is *insolvent*, it is error in the Probate Court to revoke the letters of administration, without requiring the administrator to give additional bond, and without any showing that his securities were not ample.

APPEALS—*Should be tried de novo.*—Appeals from the Probate to the Circuit Courts should be tried anew.

APPEAL FROM RANDOLPH CIRCUIT COURT.

Hon. ELISHA BAXTER, *Circuit Judge.*

*English, Gantt & English,* for Appellant.

1. The Probate Court may revoke letters, on affidavit, notice and proof when an executor or administrator *becomes of unsound mind,* or *wastes* or *mismanages the estate,* or acts so as to *endanger his co-executor.* Gould's Digest, ch. 4, sec. 35.

2. On an affidavit that an administrator is *likely to become insolvent,* the Probate Court may require him to give a new bond (as well as for other causes named in the statute), and if he fails to give the new bond, may then revoke his letters. *Gould's Digest, ch. 4, sec. 36–7–8, pp.* 110–11; *Renfro vs. White,* 23 *Ark.,* 195; *State vs. Stroop,* 22 *Ib.,* 328.

SEARLE, J.—Collier was the duly appointed administrator of the estate of Wilson, deceased. Kilcrease, who had married Wilson's widow, filed an affidavit in the Probate Court of Randolph county, in January, 1869, stating that he had reason to believe that Collier was likely to become insolvent, and prayed the court to revoke his letters of administration.

The evidence, upon the hearing of the matter, was to the effect that Collier was insolvent. The court ordered the revocation of his letters, from which Collier appealed to the Circuit Court. The Circuit Court affirmed the order, and Collier appealed to this court.

The only question to be determined, in this case, is, did the

affidavit and evidence show a sufficient legal ground for the revoking of Collier's letters of administration? It is discoverable, at a glance, that the application and affidavit were made under *sec.* 36, *ch.* 4, *Gould's Digest.* This section provides that if any heir, legatee, creditor, security, or other person interested in any estate, shall file in the Probate Court, etc., an affidavit, stating that the affiant has reason to believe that the principal in the executor's or administrator's bond has become, or is likely to become insolvent, and shall have given the principal fifteen days' notice of the time and place of hearing such complaint, "The court shall examine the same and make such order as shall seem proper."

Does the clause, "the court shall examine the same and make such order as shall seem proper," give such court, upon · a sufficient showing of such insolvency, the power of at once revoking the letters of administration, or does it only authorize it to make such order as may seem proper in relation to the giving of an additional bond? Undoubtedly, we think, the latter. For by sections 37 and 38, of the same chapter, which seems to have been designed to carry out and perfect the provisions of section 36, it is declared that, if an additional bond be given, it shall discharge the former securities from any liability, etc., after the approval and filing of such additional bond, and that, in the event of a failure to give such additional security as may be required by the court, within ten days after the making of the order requiring additional security, the letters of such administrator shall thenceforth be revoked and his authority cease at that time. It is further to be observed, that it is only in those cases and for those causes where the administration law explicitly provides for it, may letters, etc., be revoked, without first requiring additional bonds. Here the Probate Court arbitrarily revoked the letters without requiring Collier to give additional bond, and without any showing that his securities were not ample.

It appears from the transcript, further, that the Circuit Court did not try the case anew upon the appeal, but simply,

upon reviewing the transcript from the Probate Court, declared that there was no error, and affirmed the judgment. The Circuit Court should have tried the case anew. See *Smith & Bro. vs. VanGilder*, 26 *Ark.*, 527.

For the errors indicated the judgment is reversed, and the cause is remanded to the Circuit Court with instructions to try the case anew and not inconsistent with this opinion.